NOT DESIGNATED FOR PUBLICATION

No. 116,090

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRED D. MITCHELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed September 1, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Michael L. Fessinger*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM:  Fred D. Mitchell appeals, claiming the revocation of his probation by the district court was an abuse of discretion. Upon review of the file, and with Mitchell's multiple failures while on probation, we observe no abuse of discretion by the district court. Affirmed.

1

FACTS

The facts of Mitchell's jury trial conviction are not relevant to this appeal. Mitchell was sentenced to 54 months' imprisonment, suspended to 36 months' probation. Mitchell did not do well on probation.

Though Mitchell tested positive for marijuana and PCP during his probation intake on February 11, 2015, his probation officer chose not to sanction him. On June 26, 2015, Mitchell again tested positive for marijuana and PCP. He served a 72-hour sanction. Mitchell also tested positive for marijuana and PCP on August 6, 2015. At the revocation hearing, his probation was revoked and he was ordered to serve a 120-day sanction in the Kansas Department of Corrections.

On December 31, 2015, the State alleged Mitchell violated the terms of his probation again. It alleged he tested positive for PCP on December 16, 2015, and Mitchell admitted to using PCP on December 14, 2015. At the probation revocation hearing, Mitchell once again admitted the violation. The State requested Mitchell's original sentence be imposed. Mitchell requested reinstatement of his probation so he could receive inpatient substance abuse treatment. The district court noted Mitchell was a documented gang member and had repeatedly violated his probation. The district court revoked Mitchell's probation. Mitchell requested a downward modification of sentence, but the district court imposed Mitchell's original sentence of 54 months' imprisonment.

Mitchell appealed.

ANALYSIS

Unless otherwise required by law, probation is a privilege, not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to

revoke probation involves two steps. The district court must first determine whether the probationer has violated a condition of probation, and if a probation violation occurred, the district court must determine whether the violation warrants revocation of probation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Here, Mitchell admitted he violated his probation.

Mitchell argues the district court abused its discretion by imposing his original sentence. A district court's decision to revoke probation will not be overturned absent an abuse of discretion. *Skolaut*, 286 Kan. at 227-28. A district court abuses its discretion if its judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the trial court abused its discretion bears the burden of showing an abuse of discretion. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015).

Mitchell argues the district court abused its discretion because its decision to impose his underlying sentence was unreasonable. He argues his probation violations resulted from his drug usage indicating a drug problem and his probation officer recommended inpatient drug treatment.

The State contends the district court did not abuse its discretion because Mitchell "habitually" violated his probation. It also contends all of Mitchell's probation violations were related to his original offense—possession of marijuana with the intent to sell. The State argues probation was not practicable and revocation of probation was not an abuse of discretion.

Mitchell continued to use drugs throughout his probation. He violated his probation multiple times in 13 months and had already served 3-day and 120-day intermediate sanctions. Mitchell showed an unwillingness to comply with the district

3

court's orders. Given the fact Mitchell has already served two intermediate sanctions, the decision to revoke Mitchell's probation was not arbitrary, fanciful, unreasonable, or based on an error of law or fact. The district court did not abuse its discretion in ordering Mitchell to serve his underlying sentence.

Affirmed.